

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# Linawati v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Linawati v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2333

FNU LINAWATI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents

On Petition for Review of a Final Order from
the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A79-307-097)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2008

Before: SCIRICA, Chief Judge, McKEE and SMITH, *Circuit Judges*.

(Opinion filed: February 20, 2009)

OPINION OF THE COURT

McKEE, *Circuit Judge*.

Fnu Linawati petitions for review of a final order of the Board of Immigration Appeals affirming the decision of an Immigration Judge that denied her application for asylum and withholding of removal.[1]  For the reasons that follow, we will deny the petition.[2]

## I.

Since we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background except insofar as may be helpful to our brief discussion.

Since the BIA adopted the IJ's reasoning while discussing the IJ's legal conclusions, we review the decisions of both the IJ and the BIA.  *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004).  The BIA's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  *See also INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The BIA concluded that Linawati's documentation and attendant testimony, while credible, established neither past persecution, nor a well-founded fear of future persecution.  Linawati relied upon three incidents to support her petition.  The first—the

---

[1] Linawati does not seek review of the BIA's decision affirming the denial of her claim under the Convention Against Torture ("CAT").   We therefore need not discuss that claim as it is waived.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001).

[2] We have jurisdiction under 8 U.S.C. § 1252.

May 1998 incident—occurred during a riot in Jakarta. The second incident involved the burning of a church in her neighborhood in November 1999. The third involved a riot that she witnessed in Glodok, a predominantly Chinese neighborhood in Jakarta.

The BIA relied upon our decision in *Fatin v. INS*, 12 F.3d 1233 (3d Cir.1993), in concluding that the incidents Linawati described did not establish that she was a "refugee." In *Fatin*, we explained that persecution encompasses "extreme conduct," including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id*. at 1240. Linawati's continued uneventful presence in Indonesia for two years following the 1998 riot in Jakarta, the relatively isolated nature of the events she relies upon, and her family's uneventful continued presence in Indonesia, all undermine her effort to claim that these three incidents amount to past persecution or support a well-founded fear of future persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."). We therefore agree that she has not established past persecution or a well-founded fear of future persecution.

## II.

Linawati also argues that her due process rights were violated because the BIA failed to adequately consider each of her arguments. Although there is no constitutional

3

right to asylum, aliens facing removal are entitled to due process. *Sewak v. I.N.S.*, 900 F.2d 667, 671 (3d Cir. 1990). The Due Process Clause ensures that immigration proceedings include: (1) factfinding based on a record produced before the decisionmaker and disclosed to the petitioner; (2) an opportunity to make arguments on his or her own behalf; and (3) the right to an individualized determination of the merits of his or her claim. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). However, Linawati does not contend that she was denied the opportunity to introduce evidence to establish her claim before the BIA or the IJ. Thus, her argument only implicates her right to an "individualized determination." *Id.*

The BIA cited *Lie, supra*, in explaining why Linawati's affidavits do not establish a pattern or practice of persecuting Chinese Christians in Indonesia.[3] 396 F.3d at 530. The BIA addressed Linawati's testimony about the attempted rape during the 1998 riot, but found that the record as a whole did not establish persecution, even when combined with the evidence of two local uprisings.

Finally, although Linawati disagrees, the Board clearly considered our decision in *Lie* in rejecting her attempt to prove a fear of future persecution.

---

[3] Linawati also cites *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir. 2006). However, our decision to remand there in no way suggests that Linawati does not have to establish the "systemic, pervasive, or organized[]" nature of any suffering. *See Lie*, 396 F.3d at 537 (citing *Ngure v. Ashcroft*, 367 F.3d 975, 991 (8th Cir. 2004)). Rather, in *Sukwanputra*, we remanded with the express purpose of requiring the IJ to consider documents that he refused to take notice of during the initial hearing because of authentication concerns that could have been procedurally remedied.

**III.**

For the foregoing reasons, we find that substantial evidence supports the BIA's determination that Linawati did not meet her burden of demonstrating eligibility for asylum and withholding of removal. Accordingly, we will deny the petition for review.